-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ANTONIO BROWN, 92A3649,

        Plaintiff,

        -v-

CAPTAIN GUINEY, SERGEANT CASE,
LIEUTENANT QUERNS, C.O. ABBOTT,
C.O. RICE, C.O. SCHROTH and JOHN DOE,

        Defendants.

**DECISION and ORDER**
06-CV-55S

---

        This case was transferred to this Court in January of 2006. Pro Se Plaintiff Antonio Brown originally filed this action under 42 U.S.C. § 1983 in the Northern District of New York in 2004. For the reasons that follow, this action is hereby deemed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, the Superintendent of Attica Correctional Facility is deemed the appropriate Respondent, and the Amended Complaint (Docket No. 18) is deemed the Petition to be served in this case.

        Plaintiff's Complaint alleged that various Defendants violated his constitutional rights when, in retaliation for his filing lawsuits against other corrections officers, they falsely accused him of possessing a weapon. Plaintiff further alleged that Defendants altered video evidence that would have exonerated him in furtherance of the conspiracy to charge him with possession of a weapon. Plaintiff alleges that he was ultimately convicted of possession of prison contraband as a result of the allegedly falsified evidence and was sentenced to a term of imprisonment of 15 years to life.

Plaintiff's Amended Complaint filed November 18, 2005, and the exhibits attached to Plaintiff's request for appointment of counsel filed August 29, 2005, make clear that Plaintiff's allegations can only be pursued through a Petition for Writ of Habeas Corpus because he is challenging his conviction for possession of prison contraband, which if successful, would impact the duration of his incarceration.

Section 1983 provides an avenue to present federal claims alleging that a person acting under color of state law has deprived an individual of his or her federal constitutional rights. However, when a litigant seeks to challenge the fact or duration of his imprisonment, the "sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 1841, 36 L.Ed. 2d 439 (1973). The United States Supreme Court recently discussed the parameters of the *Preiser* exception to § 1983 actions:

> "Throughout the legal journey from *Preiser* to *Balisok,* the Court has focused on the need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement--either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody."

*Wilkinson, et al. v. Dobson, et al.*, 544 U.S. 74, 125 S.Ct. 1242, 1247 (2005) (discussing *Preiser*; *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963 (1974), *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and *Edwards v. Balisok*, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997)).

"These cases, taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation)--no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison

proceedings)--*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson*, 125 S.Ct. at 1248.

Accordingly, because Plaintiff challenges the validity and duration of his confinement, he may proceed only by way of a Petition for Writ of Habeas Corpus.

However, before the Court can convert this § 1983 action to one brought under § 2254, it must provide Plaintiff notice of its intention to recharacterize and an opportunity for Plaintiff to object because a Petition filed under § 2254 is subject to the "second" or "successive" petition restrictions of 28 U.S.C. § 2244(b),[1] and such restrictions "might preclude [petitioner] from ever seeking federal review of claims, even meritorious ones, not raised in th[e] petition." *Cook v. New York State Div. of Parole*, 321 F.3d 274, 281-82 (2d Cir. 2003); *see also Castro v. United States*, 540 U.S. 375, - - -, 124 S.Ct. 786, 792 (2004)(district courts should not recharacterize motions brought under some other provision to ones brought under § 2255 unless petitioner is advised of the consequences of such recharacterization, *i.e.*, second or successive petition restrictions, and provided opportunity to withdraw petition).

---

[1] 28 U.S.C. § 2244(b)(2) reads:

A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

  (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

  (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
   (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Accordingly, the Court is hereby notifying and advising Plaintiff that it intends to recharacterize this action as one brought pursuant to 28 U.S.C. § 2254, and that this recharacterization means that any subsequent § 2254 petitions will be subject to the restrictions on "second" or "successive" petitions set forth in 28 U.S.C. § 2244(b).[2] If the Petition is recharacterized as one brought pursuant to § 2254 it may also be subject to the one year period of limitations set forth in § 2244(d)(1).[3] The appropriate Respondent is the Superintendent of Attica Correctional Facility, the facility where Plaintiff is currently incarcerated.  **If Plaintiff does not file a written submission on or before May 15, 2006, explaining that he objects to the recharacterization of this action as a Petition brought pursuant to § 2254, the Court will recharacterize this § 1983 Complaint as a Petition for Writ of Habeas Corpus brought pursuant to § 2254 and the Respondent must answer the Petition.**

---

[2]The Court offers Plaintiff this notice despite the fact that he may not proceed, in any event, pursuant to 42 U.S.C. § 1983 if his conviction has not yet been invalidated, and his time to file a new petition pursuant to 28 U.S.C. § 2254 has expired, unless he has some basis on which the statute of limitations may be tolled.

[3]Section 2244(d)(1)-(2) provides that:

"A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The Court notes that this case has been complicated by the fact that neither of the two properly served defendants in this case filed Answers.[4] In fact, an Assistant Attorney General of the State of New York entered a Notice of Appearance and Request for Extension of Time to Answer on behalf of all Defendants on November 23, 2005, four months after Defendants Guiney and Case should have filed Answers. The extension request was granted by the Court. Nonetheless, no Answer or other response has been filed on behalf of any defendant. Had Plaintiff been timely informed that his action could proceed only as a habeas corpus petition, he could have filed such petition before his time to file expired in October of 2005,[5] almost eleven months after he filed this action.[6]

IT HEREBY IS ORDERED as follows:

**1.**     This action is deemed an action pursuant to 28 U.S.C. § 2254, and Antonio Brown has until **May 15, 2006,** to file any objections to conversion of this matter to a petition pursuant to 28 U.S.C. § 2254.

**2.**     Absent objection by Antonio Brown, Respondent shall file and serve an **Answer** to the Petition, in accordance with Rules 4 and 5 of the Rules Governing Section 2254 Cases in the United States District Courts, no later than **June 12, 2006**. Further, the Answer shall state whether a trial or any pre-trial or post-trial evidentiary proceeding was conducted. If any such proceeding was conducted, under the authority of Rule 4, the Court

---

[4] Despite extensive efforts over a period of a year by the District Court for the Northern District of New York to obtain correct information from the Department of Correctional Services to allow the Marshal's Service to effect service on the remaining defendants, none have been served.

[5] Because the Court deems plaintiff's action to be one in habeas, it is not necessary to consider whether the time to file a petition pursuant to 28 U.S.C. § 2254 would be tolled by a credible claim of actual innocence.

[6] The Court takes judicial notice of the reported decisions in *People v. Brown*, 6 A.D. 3d 1125, 776 N.Y.S.2d 408 and *People v. Brown*, 3 N.Y. 3d 657, 816 N.E. 2d 572, 782 N.Y.S 2d 699.

hereby directs Respondent to provide to the Court the transcript of the proceeding, together with any record(s) of such proceeding, and such documents will be filed in the official record of this case.

Respondent also shall file and serve by the above date a **memorandum of law** addressing each of the issues raised in the Petition and including citations to relevant supporting authority.

Within thirty (30) days of the date this Order is served upon the custodian of the records, the Clerk of Court or any other official having custody of the records of the proceedings in the court of conviction at issue now before this Court shall submit such records to Respondent or the Respondent's duly authorized representative.

If Petitioner appealed from the judgment of conviction or from an adverse judgment or order in a post-conviction proceeding, under the authority of Rule 4, the Court hereby directs Respondent to provide to the Court a copy of the briefs on appeal and the opinions of the appellate courts, if any, and such documents will be filed in the official record of this case.

Petitioner shall have thirty (30) days upon receipt of the Answer to file a written response to the Answer and memorandum of law.

Within thirty (30) days of the date this Order is filed with the Clerk of Court, Respondent may file a motion for a more definite statement or a Motion to Dismiss the Petition, accompanied by appropriate exhibits that demonstrate that an Answer to the Petition is unnecessary.  The timely filing of such motion shall extend the time for filing an Answer for fourteen (14) days, but the failure of the Court to act upon the motion within that time shall not further extend the time for filing an Answer.

**3.** The Clerk of Court shall serve a copy of the Petition (Docket No. 18, Amended Complaint), together with a copy of this Order, by certified mail, upon Respondent Superintendent of Attica Correctional Facility and upon the Assistant Attorney General in Charge, Statler Towers, 4th Floor, 107 Delaware Avenue, Buffalo, New York 14202. To advise appropriate County officials of the pendency of this proceeding, the Clerk of Court shall also mail a copy of this Order to the District Attorney of Seneca County.

**4.** The Clerk of the Court shall correct the docket to reflect the recharacterization of this action as a Petition pursuant to 28 U.S.C. § 2254, and that the Respondent is the Superintendent of Attica Correctional Facility.

**PETITIONER MUST FORWARD A COPY OF ALL FUTURE PAPERS AND CORRESPONDENCE TO THE ATTORNEY APPEARING FOR RESPONDENT**.

SO ORDERED.

Dated:   April 21, 2006
         Buffalo, New York

                                              /s/William M. Skretny
                                              WILLIAM M. SKRETNY
                                              United States District Judge