-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ANTONIO BROWN, 92A3649,

    Plaintiff,

 -v-

CAPTAIN GUINEY, SERGEANT CASE,
LIEUTENANT QUERNS, C.O. ABBOTT,
C.O. RICE, C.O. SCHROTH,
Supt. THOMAS POOLE,
Commissioner GLENN GOORD,
Inspector General RICHARD ROY, and
Director of Operations KENNETH
J. MCLAUGHLIN,

    Defendants.

**DECISION and ORDER**
06-CV-0055S

---

## INTRODUCTION

Plaintiff *pro se* Antonio Brown originally filed this action pursuant to 42 U.S.C. § 1983 in the Northern District of New York on December 7, 2004. The case was transferred to this Court in January of 2006, prior to review of an amended complaint filed on November 18, 2005. This Court determined that because the action would call into question plaintiff's conviction for possession of prison contraband, which had not been successfully overturned, it was barred, and notified plaintiff of the Court's intention to deemed it a petition pursuant to 28 U.S.C. §2254. Plaintiff filed objections to the conversion of the action to one pursuant to § 2254, in which he asserted that he has filed a habeas petition as to the prison contraband conviction and wishes to maintain this case as an action under § 1983 for retaliation and assault only. Plaintiff further stated that to the extent that a claim "indicates that I wish to challenge my conviction or invalidate the

duration of my confinement, Plaintiff respectfully request [sic] that portion of the claim be dismissed."

## **DISCUSSION**

Plaintiff's amended complaint alleges that various defendants violated his constitutional rights when, on October 31, 2001, in retaliation for his filing a lawsuit against the State of New York, he was assaulted, falsely accused of possessing a weapon, and the video evidence that would have exonerated him was subsequently altered in furtherance of the conspiracy to charge him with possession of a weapon. He also claims that he complained to Superintendent Poole, Inspector General Roy, Director of Operations McLaughlin and Commissioner Goord, and that all failed to address his complaints. (amended complaint ¶¶ 21-24)

Plaintiff alleges that when he went to the disciplinary hearing, the entire footage of the event was present on the videotape.[1] When plaintiff subsequently filed an action in the Court of Claims for assault (amended complaint ¶ 18), the tape provided during discovery was different than the tape reviewed during the disciplinary hearing. Plaintiff alleges that the tape was changed and testimony and documents were falsified in furtherance of the conspiracy to retaliate.

Because plaintiff has objected to the conversion of the case to one pursuant to 28 U.S.C. § 2254, the Court will proceed to review the amended complaint (Docket # 22 in this Court, Docket # 18 of the N.D.N.Y. docket). A plaintiff is permitted to amend a complaint

---

[1] Plaintiff was convicted of a disciplinary charge and sentenced to 1 year of confinement which he alleges included 23 hours per day in a cell with another prisoner with only 10 min. showers three times per week, filthy bed linens, towels, and insufficient soap, while being harassed by officers and cell mates. He was thereafter charged with a felony based on the same incident and sentenced to 15 years to life which he is currently serving in Attica Correctional Facility. (¶¶ 42, 43)

2

once as a matter of right prior to an answer or other responsive pleading being filed. FED.R.CIV.P. 15. However, as with the complaint filed in a case where the plaintiff is granted permission to proceed in poor person status, the Court is required to review the amended complaint pursuant to 28 U.S.C. § 1915.

As noted above, plaintiff filed the original complaint in this action on December 7, 2004, by a complaint that was dated November 28, 2004. The Court will assume, for the purposes of this review, that the complaint was delivered into the hands of the corrections personnel for mailing on November 28, 2004. The alleged set-up accusing him of possession of a shank and the assault, which plaintiff claims were in retaliation for filing a lawsuit against the State of New York, occurred on October 31, 2001.

The statute of limitations for actions brought pursuant to 42 U.S.C. § 1983 in New York State is the three-year period provided for in New York's CPLR § 214(2). *Owens v. Okure*, 488 U.S. 235, 251, 109 S. Ct. 573, 582, 102 L. Ed.2d 594 (1989); *Jewell v. County of Nassau*, 917 F.2d 738, 740 (2d Cir. 1990). In addition, federal courts are required to borrow New York's rules for tolling the statute of limitations unless the rules are inconsistent with federal law. *Board of Regents of University of State of New York v. Tomanio*, 446 U.S. 478, 487-491, 100 S. Ct. 1790, 1796-1799, 64 L. Ed.2d 440 (1980). Plaintiff's complaint of assault and retaliation, which was filed on November 28, 2004 , relates to incidents that occurred on October 31, 2001. Based on this, it is apparent that the three-year time period during which plaintiff could properly bring his claims expired almost a month before plaintiff filed this action. The Court finds no basis to toll the

3

limitations period, see Article 2 of New York's CPLR.[2] Plaintiff's claims as to events on October 31, 2001 are therefore time-barred and must be dismissed, regardless of whether they could survive a challenge on the basis of *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 1841, 36 L.Ed. 2d 439 (1973); *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); and *Wilkinson, et al. v. Dobson, et al.*, 544 U.S. 74, 125 S.Ct. 1242 (March 7, 2005).

As to subsequent events which formed the basis of the claims of fabrication of evidence, perjury and falsification of documents in retaliation, that occurred after November 28, 2001 and may be within the statute of limitation for an action in 42 U.S.C. § 1983, these allegations clearly are part of plaintiff's prosecution for possession of prison contraband, of which he was convicted, and which he has not successfully invalidated. Pursuant to the Court's previous Order, this part of any alleged retaliation claim must be dismissed pursuant to *Heck v. Humphrey*.

To the extent that plaintiff claims that he complained to Superintendent Poole, Inspector General Roy, Director of Operations McLaughlin and Commissioner Goord, and that all failed to address his complaints, plaintiff has failed to state a claim against these defendants. Plaintiff has not sufficiently plead personal involvement of some of these defendants because it is not clear what exactly the nature of plaintiff's complaints to them were. However, in any event, plaintiff cannot state a claim for deliberate indifference when

---

[2] New York has codified the circumstances under which a limitations period may be tolled. These include, inter alia, periods during which: (1) the commencement of an action has been stayed by court order or by statute, N.Y. CPLR § 204(a); (2) a dispute that is ultimately determined to be nonarbitrable has been submitted to arbitration, *id.* § 204(b); (3) the defendant is outside New York when and after a claim accrues against him, *id.* § 207; and (4) the plaintiff is disabled by infancy or insanity when and after his claim accrues, *id.* § 208. See Jewell, 917 F.2d at 740 & n. 1 (reviewing New York tolling provisions).

these defendants failed to address his concerns as to his being set up on a false charge when, in fact, he was convicted of both the disciplinary charge and the subsequent state prosecution for the same conduct for which he claims to have been set up.

If plaintiff tried to maintain an action for the allegedly malicious charge, he would need to plead that the charge had been successfully resolved in his favor. "To prevail on a malicious prosecution claim under either New York law or § 1983, a plaintiff must show that the defendant maliciously commenced or continued against the plaintiff a criminal proceeding that ended in the plaintiff's favor, and that there was no probable cause for the proceeding." Marshall v. Sullivan, 105 F.3d 47, 50 (2d Cir. 1996) (citing Posr v. Doherty, 944 F.2d 91, 100 (2d Cir. 1991)). Based on the pleadings, plaintiff has neither successfully challenged the disciplinary conviction which resulted in a sentence to one year in confinement, nor the state criminal prosecution which resulted in a sentence of fifteen years to life. Similarly, he cannot attempt to maintain an action against the defendants for failure to address his complaint surrounding the allegedly malicious charge without first obtaining a favorable resolution of the charge. Plaintiff's claims against Poole, Goord, Roy and McLaughlin are, therefore, dismissed.

## CONCLUSION

Plaintiff has previously been granted permission to proceed in forma pauperis and, for the reasons discussed above, the complaint is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff is forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B). See 28 U.S.C. § 1915(g).

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438, 82 S. Ct. 917, 8 L. Ed.2d 21 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

### ORDER

IT HEREBY IS ORDERED, that the complaint is dismissed with prejudice; and

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied.

SO ORDERED.

Dated: June 23, 2006
Buffalo, New York

_____
~~WILLIAM M. SKRETNY~~
United States District Judge