-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANTONIO BROWN, 92A3649,

        Plaintiff,

-v-

CAPTAIN GUINEY, SERGEANT CASE,
LIEUTENANT QUERNS, C.O. ABBOTT,
C.O. RICE, C.O. SCHROTH,
Supt. THOMAS POOLE,
Commissioner GLENN GOORD,
Inspector General RICHARD ROY, and
Director of Operations KENNETH
J. MCLAUGHLIN,

        Defendants.

**DECISION and ORDER**
06-CV-0055S

On June 29, 2006, plaintiff filed a motion for reconsideration (Docket No. 28) of the Decision and Order of June 23, 2006 (Docket No. 26), dismissing with prejudice his action brought pursuant to 42 U.S.C. § 1983.

Plaintiff's motion seeks relief from a final judgment, order or proceeding under Fed.R.Civ.P. 60(b), which permits the Court to grant a motion for reconsideration when, for example, there has been a mistake, inadvertence, surprise, excusable neglect, or newly discovered evidence which by due diligence could not have been discovered in time. According to plaintiff, the Court incorrectly stated the filing date of his action and, as a result, erroneously concluded that plaintiff's claims relating to events occurring on October 31, 2001 were time-barred.

This Court has reviewed plaintiff's assertions regarding the date of filing and the related documents in this action. Plaintiff's original complaint, his motion for *in forma*

*pauperis* status and his supporting affidavit (Docket Nos. 22-1, 22-2, 22-3) were all signed by plaintiff on November 28, 2004. For purposes of it's June 23, 2006 Decision, the Court presumed that the action was filed on the date it was signed because no other information suggested that the documents were not delivered into the hands of correctional authorities for mailing on that date.[1] While the documents may well have been filed later, there is nothing to indicate that they could have been filed earlier, as plaintiff claims.

In sum, plaintiff's original complaint clearly was filed after the three-year statute of limitations had expired as to conduct occurring on October 31, 2001. Accordingly, plaintiff's motion for reconsideration is denied.

### ORDERS

IT HEREBY IS ORDERED, that Petitioner's Motion for Reconsideration (Docket No. 28) is DENIED.

FURTHER, that the Clerk of this Court is directed to mail to plaintiff a copy of Docket Nos. 22-1, 22-2 and 22-3, along with a copy of this Decision and Order.

FURTHER, that the Clerk of this Court is directed to take the necessary steps to close this case.

SO ORDERED.

Dated: July 20, 2006
Buffalo, New York

WILLIAM M. SKRETNY
United States District Judge

---

[1] A *pro se* prisoner litigant's papers are deemed to have been filed when they are placed in the hands of prison officials for mailing, see *Houston v. Lack*, 487 U.S. 266, 271, 108 S. Ct. 2379, 2382, 101 L. Ed.2d 245 (1988); see also *Dory v. Ryan*, 999 F.2d 679, 682 (2d Cir. 1993), *modified on reh'g*, 25 F.3d 81 (2d Cir. 1994).